UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

GEORGE MARTINEZ,

v.                                        CIVIL NO. 98-1556 (DRD)

HOSPITAL SAN PABLO, INC., et al.,

## ORDER

1. Liability of surgeon, Dr. Manuel J. Martinez Colón

The minutes of an Initial Scheduling Conference held on March 23, 1999, reads in pertinent part as follows:

> "The Court expressed serious doubts as to the liability of the surgeon, Dr. Manuel J. Martinez Colón, in this case wherein liability is couched on the lack of providing the correct blood in post-operation procedures to Plaintiff's mother causing her death. The Plaintiff concedes that "[t]he surgical procedure was successfully performed on May 21, 1997. (ISC Memorandum, Docket No. 13). However, Plaintiff alleges forty-one (41) units of blood platelets were wrongfully administered to Plaintiff's mother. Id. The Court harbors serious doubts as to the surgeon's obligations to perform or supervise the examination of the blood type of the deceased and/or to provide her with the blood transfusions. Plaintiff's counsel advised the Court that liability stems from Puerto Rica Supreme Court jurisprudence mandating doctors to follow-up on medical orders. Notwithstanding, to the Court it seems that pursuant to Plaintiff's version of the facts of the case the surgeon ordered the request and a third-party Hospital subcontractor complied. The third party allegedly did not adequately or correctly perform the required tests, which led to either incorrect blood being administered, or the correct blood was administered too late. The liability of the surgeon under these circumstances seems tenuous at best. Plaintiff is to advise the Court on this matter with **twenty (20) days, that is by April 20, 1999.**"

(Docket No. 17) (emphasis in original). Thereafter, on May 18, 1999, the Court issued an Order with text as follows:

> "The motion at Docket No. 19, however, as "the liability of the surgeon, Dr. Manuel J. Martínez Colón," is a different matter entirely and is **DENIED**. At the Initial Scheduling Conference held on March 23, 1999, the Court Ordered, "Plaintiff is to

advise the Court on this matter with (sic) **twenty (20) days, that is by April 20, 1999.**" (Docket No. 17) (emphasis in original). The motion for extension of time at Docket No. 19 was not filed until May 12, 1999, nearly a full fifty (50) days after the Court's order given at the Initial Scheduling Conference. The Court takes its orders very seriously. Therefore, the Plaintiff, by the Court's grace, shall have until **May 25, 1999**, to comply. Noncompliance with this Order shall result in sanctions, which could include dismissal for want of prosecution as to the surgeon, Dr. Manuel J. Martínez Colón."

(Docket No. 26). On May 21, 1999, the Plaintiff, George Martínez ("Plaintiff"), responded by filing a Memorandum in Relation to Liability of Surgeon Dr. Manuel J. Martínez Colón ("Dr. Martínez") (Docket No. 27), wherein the Plaintiff cites but one case to support the proposition that Dr. Martínez is liable to Plaintiff. See Nuñez v. Cintrón Ortíz, 115 D.P.R. 598, 615 (1984). The Court has carefully reviewed Plaintiffs proffer. Succinctly, the Court is convinced that Dr. Martínez cannot be held liable for the improper blood platelets transfusions administered to decedent, Olga Martínez Vicenty, on May 21, 1997, by a blood subcontractor retained by the Hospital, because the Plaintiff cannot "prove by preponderance of evidence, that the defendant's negligent conduct was the factor that most probably caused the damage." Nuñez v. Cintrón Ortíz, 115 P.R. Offic. Trans. 786, 810. However, after the initial procedure Dr. Martínez may be held potentially liable if factual and expert testimony proves by a preponderance that he should have recognized the symptoms of the mismatched blood administered prior to May 29, 1997, the date when the blood tests that detected the problem were conducted. See id. The Court at this time is only ruling stating that the allegations in the Complaint are sufficiently plead.

2. Amended Complaint to include additional defendants.

Additionally, the minutes of the Initial Scheduling Conference held on March 23, 1999,

contains the following:

> "The Court GRANTS Plaintiff a reasonable time to amend the Complaint not to exceed **forty-five (45) days, that is by May 17, 1999**. Further, the Plaintiff has **thirty (30) days, that is by June 18, 1999**, to serve summons on any additional Defendants to the instant action. Consequently, the Plaintiff is Ordered to advise the Court when the last of these additional Defendants have made an appearance before the Court, for the purpose of re-scheduling an Initial Scheduling Conference."

(Docket No. 17). In compliance with the Court's instruction, the Plaintiff filed an Amended Complaint on May 12, 1999. (Docket No. 21). Thereafter, Co-defendant, Dr. Jennifer Oppenheimer Catalá, filed a Informative Motion In Request For Order (Docket No. 29), alleging that the Plaintiff had not complied with the Court's order as contained in the above March 23, 1999 by not filing an Amended Complaint to include intervening physicians. Because Plaintiff did file an Amended Complaint, and because Co-defendant's motion does not specify which intervening physicians were not included, Co-defendant's, Dr. Jennifer Oppenheimer Catalá, motion (Docket No. 29), is **DENIED**.

3. Co-defendant's, Dr. Jennifer Oppenheimer Catalá, Motion To Compel Answers To Interrogatories (Docket No. 30), has been rendered **MOOT**.

4. Co-defendant's, Seguros Triple S, Inc. Motion Requesting Imposition of Non-Resident Bond.

Pending before the Court is Co-defendant's, Seguros Triple S, Inc. ("SSS"), Motion Requesting Imposition of Non-Resident Bond (Docket No. 34), requesting the imposition of at least one thousand dollars ($1000.00) from Plaintiff. Plaintiff did not oppose. As SSS notes, if a defendant seeks a non-resident bond over $250.00, then Local Rule 304 requires that the Court

consider three factors. These factors are: "(1) the plaintiff's probability of success on the merits, and the background and purpose of the suit; (2) the reasonable extent of the security to be posted, if any, viewed from the defendant's perspective; and (3) the reasonable extent of the security to be posted, if any, viewed from the nondomiciliary plaintiff's perspective." Murphy v. Ginorio, 989 F.2d 566, 569 (1st Cir. 1993). Thus, SSS must illustrate to the Court the aforementioned factors, and, if deemed necessary, the Court shall then hold a hearing to decide whether a non-resident bond of greater value is necessary and just. See Murphy, 989 F.2d at 569; Aggarwal v. Ponce Sch. of Med., 745 F.2d 723, 728 (1st Cir. 1984). Although SSS requests that the Court impose a non-resident bond of at $1000.00 the Court shall not exercise its discretion to go beyond $250.00. "While it is neither unjust nor unreasonable to expect a suitor 'to put his money where his mouth is,' toll-booths cannot be placed across the courthouse doors in a haphazard fashion." Aggarwal, 745 F.2d at 728. **A $250.00 non-resident bond from Plaintiff shall be initially imposed in this case.**

5. Plaintiff's Informative Motion And Motion For Enlargement (Docket No. 36) is **GRANTED/MOOT**. See (Docket No. 40).

6. Motion For Withdrawal Of Legal Representation.

Attorneys, Jose A. Rivera Cordero and Pedro Lugo Frank, for Co-defendant, Seguros Triple S, Inc. ("SSS"), requested withdrawal of legal representation (Docket No. 38), because SSS requested that its legal representation would be fulfilled by Jaime E. Morales. The motion is **GRANTED**. (Docket No. 38). Therefore, attorneys, Jose A. Rivera Cordero and Pedro Lugo

AO 72
(Rev 8/82)

Frank, are relieved from representing SSS and are substituted by Jaime E. Morales.

7. Informative Motion (Docket No. 41) by Co-defendant, Dr. Jennifer Oppenheimer Catalá, request for a Scheduling Conference is hereby **GRANTED**. The Scheduling Conference will be held on April 6, 2000 at 4:30 p.m.

IT IS SO ORDERED.

**Date: February 29, 2000**

P \PEACHORD ERS\98-1556B MTN

**DANIEL R. DOMINGUEZ**
**U.S. District Judge**

Page -5-